

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. 0-6947

Re: Are either domestic or foreign corporations organized or having a permit to do business in Texas, under the provisions of subdivisions 48, 49 or 50 of Article 1302, R.C.S., 1925, or Chapter 275, Acts of the Regular Session of the 40th Legislature, and who make loans of money secured by chattel mortgages upon household or kitchen furniture and/or assignment of wages, "Loan Brokers," as defined by Article 6165a, V.A.C.S. as amended by Acts of the 49th Legislature of 1945, Chapter 195, Paragraph 1, and subject to the laws governing that class?

Your request has been received for an opinion in answer to the above question.

Article 6165a, Section 2, Vernon's Annotated Civil Statutes, 1925, defines a loan broker as follows:

"A loan broker is a person, firm, or corporation, other than a lending institution subject to supervision or examination by the Department of Banking of the State of Texas, who pursues the business of lending money, purchasing salaries and taking for security for the payment of such loans and interest thereon an assignment of wages or assignment of wages with Power of Attorney to collect the same or other order for unpaid chattel mortgage or bill of sale upon household or kitchen furniture." (Emphasis added)

Honorable George H. Sheppard, page 2

The emphasized portion of the foregoing statute was inserted by an amendment of the 49th Legislature, 1945, being Chapter 195, Section 1, Acts 49th Legislature, page 266, effective May 11, 1945, thus changing the former definition of a loan broker by the exclusion therefrom of "a lending institution subject to supervision or examination by the Department of Banking of the State of Texas." Article 6165a, V.A.C.S., had been construed prior to its amendment in the case of State v. Harvill, 188 S.W. (2d) 869 (err. ref.).

Subdivision 48, Article 1302, Revised Civil Statutes, is as follows:

"To accumulate and lend money without banking or discounting privileges."

Subdivision 49, Article 1302, is as follows:

"For any one or more of the following purposes: To accumulate and lend money, purchase, sell and deal in notes, bonds and securities, but without banking and discounting privileges; to act as trustee under any lawful express trust committed to them by contract and as agent for the performance of any lawful act."

Subdivision 50, Article 1302, is as follows:

"To subscribe for, purchase, invest in, hold, own, assign, pledge and otherwise deal in and dispose of shares of capital stock, bonds, mortgages, debentures, notes and other securities, obligations, contracts and evidences of indebtedness of foreign or domestic corporations not competing with each other in the same line of business; provided the powers and authority herein conferred shall in no way affect any provision of the antitrust laws of this State."

Article 1303b, V.A.C.S., 1925, (Chapter 275, Acts 40th Legislature, 1927, page 414) is as follows:

"A private corporation may be formed for any one or more of the following purposes, without banking or insurance privileges: to accumulate and loan money; to sell and deal in notes, bonds and securities; to act as Trustee under any lawful express trust committed to it by contract or

708

will, or under appointment of any court having jurisdiction of the subject matter, and as agent for the performance of any lawful act; to subscribe for, purchase, invest in, hold, own, assign, pledge and otherwise deal in and dispose of shares of capital stocks, bonds, mortgages, debentures, notes and other securities or obligations, contracts and evidences of indebtedness of foreign or domestic corporations not competing with each other in the same line of business; to borrow money or issue debentures for carrying out any or all purposes above enumerated. Provided that the power and authority herein conferred shall in no way affect any of the provisions of the anti-trust laws of this state."

Article 1524a, V.A.C.S., 1925, is in part as follows:

"Sec. 1. This Act shall embrace corporations heretofore created having for their purpose or purposes any or all of the powers now authorized in Subdivisions 48, 49 or 50 of Article 1302, Revised Civil Statutes of Texas, 1925, and heretofore or hereafter created having in whole or in part any purpose or purposes now authorized in Chapter 275, Senate Bill Number 232 of the General and Special Laws of the Regular Session of the 40th Legislature. ..."

"Sec. 2. The Banking Commissioner of Texas shall examine or cause to be examined such corporations annually or oftener if he deems it necessary. ..."

"... ."

"Sec. 10. The provisions of this Act shall apply to foreign corporations who have heretofore been granted permission to do business in Texas and who may hereafter be granted permission to do business in Texas and having as their purpose or purposes any part of the provisions set out in Section One of this Act. Every foreign corporation having such a permit to do business in this

Honorable George H. Sheppard, page 4

State shall be subject to the examination of the Banking Commissioner of Texas in the same manner and under the same terms and conditions as examination of domestic corporations. ..."

By the terms of the foregoing legislative enactments and particularly the 1945 amendment to Article 6165a, supra, both domestic and foreign corporations incorporated under subdivisions 48, 49 and 50, Article 1302, R.C.S., 1925, and Article 1303b, V.A.C.S., 1925, are subject to examination by the Department of Banking of the State of Texas, and hence do not come within the definition of loan broker as defined in Article 6165a, V.A.C.S., 1925.

Such corporations are therefore not subject to any of the laws of Texas governing loan brokers and particularly Article 6165a, (Sections 2 to 8, inc.) V.A.C.S., and subdivision 14, Article 7047, R.C.S., 1925, and the answer to your question is, "No."

Very truly yours

ATTORNEY GENERAL OF TEXAS

By C. K. Richards
Assistant

APPROVED 1945

ATTORNEY GENERAL OF

CKR:db